
FILED
JUN 28 2011
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| DALE and GLENDA KNUTH, | Civ. 11-3011 |
| Plaintiff, | |
| vs. | COMPLAINT |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

Dale and Glenda Knuth, for their causes of action against Allied Property and Casualty Insurance Company, state and allege as follows:

## THE PARTIES

1. Dale and Glenda Knuth are residents of Minnehaha County, South Dakota.

2. Allied Property and Casualty Insurance Company is an insurance company organized under the laws of a state other than South Dakota with its home office and principal place of business in a state other than South Dakota.

## JURISDICTION

3. Jurisdiction is proper in this Court pursuant to 28 USC § 1332 in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.

## FACTS

4. On June 2, 2006, Dale Knuth was struck by a motor vehicle being operated in a negligent manner by Travis Haagenstad.

5. Dale Knuth was without fault in the collision.

6. As a proximate result of the collision, Dale Knuth suffered injuries which resulted in medical treatment and which caused him to incur medical bills.

7. As a proximate result of the collision, Dale Knuth suffered injuries which caused physical pain and suffering.

8. As a proximate result of the collision, Dale Knuth suffered injuries which prevented him from enjoying life as he did before the collision.

9. As a proximate result of the collision, Dale Knuth suffered injuries which are permanent and disabling.

10. As a proximate result of the collision, Dale Knuth suffered injuries which will require medical treatment in the future and which will cause him to incur medical bills in the future.

11. As a proximate result of the collision, Dale Knuth suffered injuries which will cause physical pain and suffering in the future.

12. As a proximate result of the collision, Dale Knuth suffered injuries which will prevent him in the future from enjoying life as he did before the collision.

13. As a proximate result of the injuries Dale Knuth sustained in the collision, Glenda Knuth has suffered the loss of Dale Knuth's aid, comfort, society, companionship and affections.

14. Dale Knuth brought a lawsuit against Travis Haagenstad as a result of the collision.

15. Dale Knuth settled his lawsuit against Travis Haagenstad for $25,000, which represented Travis Haagenstad's policy limit and thus was the best settlement that could be reached with him.

16. At the time of the collision, Dale and Glenda Knuth were covered by a policy of automobile insurance they purchased from Allied Property and Casualty Insurance Company; the premiums for the policy were current; the coverage was in full force and effect; and the policy provided Underinsured Motorist Benefits with policy limits of $100,000.

17. Dale Knuth informed Allied Property and Casualty Insurance Company of the motor vehicle collision with Travis Haagenstad in a timely manner.

18. Allied Property and Casualty Insurance Company was given notice of the pending settlement with Travis Haagenstad and declined to either intervene in the lawsuit or substitute its payment for that ultimately paid on behalf of Travis Haagenstad.

19. Both while the lawsuit against Travis Haagenstad was pending and later, Allied Property and Casualty Insurance Company was provided evidence tending to prove Travis Haagenstad was negligent as well as evidence tending to prove the nature and extent of Dale Knuth's damages.

20. The evidence Allied Property and Casualty Insurance Company was provided included the police incident report, a vehicle repair estimate, photographs of the vehicles involved in the collision, medical records and bills, opinion letters and other documents and information.

21. After settlement of the claim against Travis Haagenstad, Dale Knuth submitted a claim for Underinsured Motorist Benefits to Allied Property and Casualty Insurance Company.

22. The amount of money that will fairly and reasonably compensate Dale and Glenda Knuth for their loss exceeds $75,000.

23. Allied Property and Casualty Insurance Company constructively denied Dale and Glenda Knuth's claim by offering a sum of money that was and remains unsupported by the evidence of damages submitted.

## COUNT 1 - BREACH OF CONTRACT

24. Dale and Glenda Knuth reallege the facts set forth in the preceding paragraphs.

25. Allied Property and Casualty Insurance Company has breached its contract of insurance by failing to pay the Underinsured Motorist Benefits to which Dale and Glenda Knuth have shown they are entitled.

## COUNT 2 - BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

26. Dale and Glenda Knuth reallege the facts set forth in the preceding paragraphs.

27. Allied Property and Casualty Insurance Company has breached its duty of good faith and fair dealing to Dale and Glenda Knuth in the following respects, among others:

    a. Failing to thoroughly investigate Dale and Glenda Knuth's claim;

    b. Failing to objectively investigate Dale and Glenda Knuth's claim;

    c. Failing to objectively evaluate Dale and Glenda Knuth's claim;

    d. Ignoring evidence which supports Dale and Glenda Knuth's claim;

    e. Failing to diligently search for and to consider evidence that supports Dale and Glenda Knuth's claim;

    f. Attempting to settle Dale and Glenda Knuth's claim for an unreasonably low amount;

      g.      Failing to treat Dale and Glenda Knuth's interests with equal regard to its own interests; and

      h.      Otherwise failing to fulfill its duty of good faith and fair dealing with Dale and Glenda Knuth.

28. As a proximate result of Allied Property and Casualty Insurance Company's breach of its duty of good faith and fair dealing, Dale and Glenda Knuth have suffered damages in an amount to be proven at trial, including but not limited to the compensation they are entitled under the Underinsured Motorist Benefits provision of their insurance policy. Dale and Glenda Knuth have also suffered damages in the form of anxiety, frustration and worry as a result of Allied Property and Casualty Insurance Company's breach of its duty of good faith and fair dealing.

29. Allied Property and Casualty Insurance Company's actions have been taken with wanton or reckless disregard of Dale and Glenda Knuth's rights, entitling them to punitive damages in an amount that will punish Allied Property and Casualty Insurance Company for breaching the duty of good faith and fair dealing and that will act as an example and deter Allied Property and Casualty Insurance Company and other insurance companies from similar conduct.

30. Allied Property and Casualty Insurance Company's actions have been vexatious or without reasonable cause, entitling Dale and Glenda Knuth to reasonable attorney fees.

Dale and Glenda Knuth respectfully request judgment against Allied Property and Casualty Insurance Company as follows:

1. For their special and general damages in an amount to be proven at trial;

2. For punitive damages in an amount to be proven at trial;

3. For attorney's fees pursuant to SDCL 58-12-3;

4. For interest and the costs of this action as provided by law; and

5. For such other and further relief as the Court deems just and equitable.

Dated this 28th day of June, 2011.

                                        CUTLER & DONAHOE, LLP
                                        Attorneys at Law

                                        _____
                                        Michael D. Bornitz
                                        100 North Phillips Ave., 9th Floor
                                        PO Box 1400
                                        Sioux Falls, SD  57101-1400
                                        Telephone:  (605) 335-4950
                                        Facsimile:  (605) 335-4966
                                        Email: mikeb@cutlerlawfirm.com
                                        Attorneys for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY**